## TEXAS EMPLOYERS' INS. ASS'N v. KING.

### No. 2687.

Court of Civil Appeals of Texas. El Paso.

May 12, 1932.

Wm. M. Cramer, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

PELPHREY, C. J.

On September 25, 1931, and before the above cause was transferred to this court, the Dallas Court of Civil Appeals entered the following order: "On considering appellee's motion to strike out the Q. & A. Statement of facts filed in this cause, on allegations that it does not contain certain documentary evidence, we find on inspecting the certificate of agreement that counsel for appellee signed same subject to certain documentary evidence being later approved by appellee and filed by appellant, to be considered as a part of the statement of facts. Pending final action on said motion to strike out the statement of facts, appellant is notified to comply with the stipulation and to furnish counsel for appellee with copies of the omitted documents and secure approval of same to be filed in this court within ten days from this date."

It also appears that on October 10th an extension of thirty days was granted appellant within which to file the documentary evidence.

On March 4, 1932, appellee, after this cause had been regularly transferred to this court, renewed his motion to strike out the statement of facts, whereupon appellant requested an additional two weeks. The additional time was granted, and upon March 31, 1932, after the expiration of the additional time granted, this court sustained the motion to strike out the statement of facts.

After such action by this court, appellant presented a motion for certiorari to the clerk of the district court of Dallas county, directing him to make up a transcript containing an order of the district court made on March 12, 1932, substituting the hospital record introduced in evidence, or, in the alternative, to file a certified copy of such order as part of the record here.

It appears from the record before us that the hospital record which appellant now wants us to consider is only a part of the hospital record introduced in evidence in the trial court. On April 14, 1932, appellant filed its motion to have us reconsider our action in sustaining appellee's motion to strike out the statement of facts.

It will be seen from the above-recited facts that appellant had from September 26, 1931, to March 31, 1932, more than six months, to produce and have filed the hospital record in this case, as counsel had agreed.

Ample opportunity was given appellant to complete the statement of facts in this case, and, having failed to use ordinary diligence in the matter, we feel that the present motion should be overruled.